**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

JEFFREY A. MARTIN and
JUANITA FLEMING, as Executrix
of the Estate of Arch Fleming,
both individually and on behalf
of others similarly situated,

      Plaintiffs,

v.                                     CIVIL ACTION NO.:  3:10-0144

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation; SHANNON CAZAD and
ANGELA COOKE, individually for
and on behalf of all West Virginia
resident State Farm claims adjusters,

      Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

      Defendants State Farm Mutual Automobile Insurance Company ("State Farm"), Shannon Cazad and Angela Cooke respectfully submit this memorandum of law in support of their motion to dismiss Plaintiffs' Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

      This putative class action lawsuit is nothing more than a facial attack on the legality of the offer forms used by State Farm for underinsured motorist ("UIM") coverage.  Seizing upon some imagined deficiency in State Farm's UIM offer forms, Plaintiffs seek to reform virtually every State Farm automobile

policy in West Virginia that does not, by its terms, include UIM coverage equal to or greater than the liability limits.  The intended result, presumably, is to require State Farm to provide unwanted UIM coverage to thousands of policyholders who elected not to receive and have not paid for that coverage.  But Plaintiffs' claims have no basis in law or fact.  State Farm's offer forms have already been reviewed by this Court and deemed to be compliant with the applicable statutory requirements.  Consequently, Plaintiffs' claims should be dismissed in their entirety and with prejudice.

In addition, Plaintiff Fleming's claims for common law bad faith and alleged violations of West Virginia's Unfair Trade Practices Act ("UTPA") must be dismissed for the independent reason that those claims did not survive the death of Plaintiff Fleming's decedent.  For these reasons, and those discussed further below, Defendants' motion should be granted.

## BACKGROUND

In April 2005, Plaintiff Martin was injured in an automobile accident with Michael Munday.[1]  (Compl. ¶ 8.)  At the time of the accident, Martin was insured under State Farm Policy No. 310 2616-D16-48E, while Munday carried liability insurance with limits of $100,000 per person and $300,000 per occurrence.  (*Id.* at ¶¶ 10-11; *see also* Ex. A.)  Martin ultimately settled

---

[1] Nothing herein should be construed as an admission of any of the facts alleged in the Complaint.

his claims against Munday for Munday's liability coverage limit of $100,000.  (Compl. ¶ 15.)  He later sought UIM coverage under his State Farm policy.  (*Id.* at ¶¶ 28-29.)  Martin's State Farm policy did not include UIM coverage, however, as Martin had previously rejected State Farm's offer to purchase such coverage.  (*Id.* at ¶¶ 11, 21; *see also* Ex. A at 2; Ex. B at 2.)  State Farm accordingly denied Martin's UIM claim.  (Compl. ¶ 29.)

Plaintiff Fleming's decedent, Arch Fleming, was injured in an August 2009 automobile accident with Robert Morris, who carried liability insurance with limits of $100,000 per person and $300,000 per occurrence.  (*Id.* at ¶¶ 31, 33.)  After settling his claims against Morris for the liability coverage limit of $100,000, Mr. Fleming sought UIM coverage under his State Farm policy, No. 304 4894-D18-48B.  (*Id.* at ¶¶ 34, 38, 51.)  Like Martin, however, Mr. Fleming's State Farm policy, by its terms, did not include UIM coverage because Mr. Fleming rejected State Farm's offer to purchase such coverage.  (Compl. ¶¶ 34, 44; *see also* Ex. C at 2; Ex. D at 2.)  State Farm denied Mr. Fleming's UIM claim as a result.  (Compl. ¶ 52.)  Mr. Fleming later passed away, prior to this lawsuit being filed.  (*See id.* at ¶ 2.)

Plaintiffs Martin and Fleming (as executrix of Arch Fleming's estate) now complain about the respective offers of

UIM coverage made by State Farm.  Both Plaintiffs claim that State Farm's offers of UIM coverage were commercially unreasonable because State Farm allegedly failed to use the offer form prescribed by the West Virginia Insurance Commissioner, and because the forms purportedly "did not list the total premium for each optional level of coverage."  (Compl. ¶¶ 24-25, 29, 47-48, 52.)  Based on these alleged deficiencies, Plaintiffs assert four causes of action.

In Count I, Plaintiffs seek a declaratory judgment that their State Farm policies must be reformed to include UIM coverage up to the policies' respective liability limits.  (*Id.* at ¶ 58.)  Because Plaintiffs bring this lawsuit as a class action, they also seek reformation of every State Farm policy since January 1, 2000, that "did not state in the declarations page underinsured motorists coverage with coverage limits at least equal to the liability limits stated in the policy declarations."  (*Id.* at ¶ 88.)  Count II seeks damages for breach of contract, alleging that State Farm breached its duties to Martin, Fleming's decedent, and the putative class by refusing to reform their policies and provide UIM benefits.  (*Id.* at ¶ 61.)  Count III seeks damages, including attorney's fees, for "bad faith" in refusing to provide UIM benefits.  (*Id.* at ¶ 66.)  Finally, Count IV, which is asserted against all three defendants, seeks damages for alleged violations of West Virginia's

Unfair Trade Practices Act ("UTPA") arising from State Farm's alleged refusal to provide UIM benefits to Plaintiffs and alleged misconduct by the individual insurance adjusters relating to Plaintiffs' UIM claims. (*Id.* at ¶ 85.) *See also* W. Va. Code § 33-11-4.

As discussed further below, each of Plaintiffs' claims fails as a matter of law because the UIM offer forms used by State Farm complied with the requirements promulgated by the Insurance Commissioner. In addition, Plaintiff Fleming's claims for common law bad faith and violation of the UTPA should be dismissed for the independent reason that those claims did not survive Arch Fleming's death. Plaintiffs' Complaint should be dismissed.

**ARGUMENT**

To state a legally sufficient claim, Plaintiffs must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). A complaint that merely offers "labels and conclusions" or "naked assertions devoid of further factual enhancement" will not suffice. *Id.* (quotations omitted). Here, all of Plaintiffs' claims are predicated on the alleged insufficiency of State Farm's UIM offer forms. Because the forms State Farm provided to Plaintiffs conformed with those prescribed by the Insurance

Commissioner, however, Plaintiffs have failed to state a plausible claim for relief.  State Farm's motion should thus be granted.  Separately, Counts III and IV must be dismissed as to Plaintiff Fleming because claims for common law bad faith and violations of the UTPA are not survivable.

**A.  Plaintiffs' Claims Fail as a Matter of Law Because State Farm Used the UIM Offer Forms Prescribed by the Insurance Commissioner**

West Virginia Code section 33-6-31(b) requires automobile insurance carriers to offer each policyholder the option to purchase UIM coverage up to the liability limits of his or her policy.  If an insurer fails to make an effective offer of UIM coverage, or if a policyholder did not make a knowing and intelligent waiver of the same, such coverage is included in the policy "by operation of law."  *Bias v. Nationwide Mut. Ins. Co.*, 365 S.E.2d 789, at Syl. Pt. 2 (W. Va. 1987).  The determination regarding whether an offer is effective is governed by section 33-6-31d, which requires insurance companies to offer UIM coverage "on a form prepared and made available by the insurance commissioner."  W. Va. Code § 33-6-31d(a).  Use of a form conforming to that prescribed by the Insurance Commissioner creates a presumption that the insured received an effective offer of UIM coverage and exercised a knowing and intelligent rejection of that offer.  W. Va. Code § 33-6-31d(b); *Ingles v. State Farm Mut. Auto. Ins. Co.*, 265 F. Supp. 2d 655, 659 (S.D.W. Va. 2003).

In the present case, each and every claim asserted by Plaintiffs is based on the alleged insufficiency of State Farm's UIM offer forms. Under Plaintiffs' theory, every single offer of UIM coverage State Farm made since January 1, 2000, was ineffective solely because – according to Plaintiffs – State Farm did not use the forms prescribed by the Insurance Commissioner. Therefore, Plaintiffs maintain, every policy issued by State Farm since January 1, 2000, must include UIM coverage by operation of law. Further, Plaintiffs claim that because the policies must be reformed to include UIM coverage, (a) State Farm breached those policies by refusing to pay UIM benefits to policyholders who waived some or all of the offered coverage; (b) State Farm is liable for bad faith settlement of insurance claims for refusing to pay UIM benefits to such policyholders; and (c) State Farm and its adjusters, defendants Cazad and Cooke, have violated the UTPA by refusing to pay UIM benefits to such policyholders.

Plaintiffs' entire lawsuit, however, is based on a false premise. Contrary to the allegations in Plaintiffs' Complaint, State Farm did not fail to use the UIM offer forms prescribed by the Insurance Commissioner. A mere glance at the forms provided to Plaintiffs reveals that the forms were identical in all material respects to the forms prescribed by the Insurance Commissioner in Informational Letter Nos. 88 and 121.

(*Compare* Ex. B at 2 *and* Ex. D at 2, *with* Ex. E at 8 *and* Ex. F at 6.)[2]  The forms also contain all of the information required by section 33-6-31d(a) and Informational Letter Nos. 88 and 121 and, contrary to Plaintiffs' allegations, plainly identify the premiums associated with each optional level of coverage offered.  (*See* Ex. B at 2; Ex. D at 2.)

Moreover, State Farm's UIM offer forms have been deemed compliant by this Court on at least two occasions.  In *Ingles v. State Farm Mutual Automobile Insurance Company*, the Court evaluated State Farm's UIM offer form, concluding that it was "materially identical to the Commissioner's form" and thus in compliance with the statute.  265 F. Supp. 2d 655, 659 (S.D.W. Va. 2003).  The form at issue in *Ingles* was substan-

---

[2] It is well-established that a court evaluating a motion to dismiss may properly consider documents attached to the motion that are integral to and explicitly relied on in the complaint. *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Blankenship v. Manchin*, 410 F. Supp. 2d 483, 487 n.1 (S.D.W. Va. 2006), *aff'd*, 471 F.3d 523 (4th Cir. 2006).  Here, because Plaintiffs assert breach of contract claims based on their respective policies with State Farm and the UIM selection/waiver forms executed in connection with those policies, the Court may consider those policies and forms in deciding State Farm's motion. *See, e.g.*, *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 195. n.5 (4th Cir. 2002); *Barnes v. Ontario Drive & Gear Ltd.*, Civil Action No. 09-CV-3020, 2010 WL 311648, at *1 n.2 (D. Md. Jan. 20, 2010).  The Court may also consider the offer forms prescribed by the West Virginia Insurance Commissioner in Informational Letter Nos. 88 and 121 because they are integral to Plaintiffs' claims and Plaintiffs explicitly relied on them in the Complaint.  (*See* Compl. ¶¶ 23-24, 28, 46-46, 51.)  Alternatively, the Court may consider the Insurance Commissioner's forms as part of the public record.  *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

tially identical to the form provided to Martin in this case, leaving no plausible argument that Martin's form is facially defective.  (*Compare* Ex. G at 2, *with* Ex. B at 2.)

More recently, this Court held in *Webb v. Shaffer* that the form provided by State Farm "conformed with Informational Letter No. 121's Form A" and therefore "complied with the content requirements of § 33-6-31."  -- F. Supp. 2d --, Civil Action No. 3:09-0082, 2010 WL 890966, at *4 (S.D.W. Va. Mar. 9, 2010).  The form at issue in *Webb* was substantially identical to that provided to Plaintiff Fleming's decedent, confirming, once again, that the offer form at issue complies with all applicable statutory requirements.  (*Compare* Ex. H at 2, *with* Ex. D at 2.)

In short, Plaintiffs have no basis for their allegations that State Farm failed to use the offer forms prescribed by the Insurance Commissioner.  Since Plaintiffs have not alleged that either Martin or Fleming's decedent *elected* to purchase UIM coverage or otherwise did not make a knowing and intelligent waiver of such coverage,[3] Plaintiffs have failed to plead facts sufficient to raise a plausible claim for reformation of their policies.  *See Bias*, 365 S.E.2d 789, at Syl. Pt. 2.  Moreover, because each of Plaintiffs' remaining claims is based on the alleged nonpayment of UIM benefits – and thus is predicated on the reformation of Plaintiffs' policies to include

---

[3] Nor could they, as the offer forms clearly show that each insured rejected State Farm's offer.  (*See* Exs. B, D.)

9

UIM coverage – those claims fail as well. This putative class action lawsuit should thus be dismissed in its entirety and with prejudice.

**B. Plaintiff Fleming's Claims for Common Law Bad Faith and Violation of the UTPA Should Be Dismissed Because Such Claims Are Not Survivable**

As set forth above, Arch Fleming passed away before this action was filed. There can be no claim asserted on behalf of his estate, therefore, unless the claim is survivable at common law or by statute. *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 244 S.E.2d 321, 325 (1978) (confirming that only actions which survived at common law or those enumerated within W. Va. Code §55-7-8a survive the death of a party). It is well-established that neither UTPA claims nor common-law bad faith claims survived at common law. *See Keeney v. Infinity Ins. Co.*, 231 F. Supp. 2d 488, 490-91 (S.D.W. Va. 2002) (holding that UTPA claims did not survive at common law); *Noland v. Virginia Ins. Reciprocal*, 686 S.E.2d 23, 35 (W. Va. 2009) (holding that common-law bad faith claims are subject to one-year statute of limitations set forth in W. Va. Code § 55-2-12(c), which applies to claims that were not survivable at common law); *Wilt v. State Auto. Mut. Ins. Co.*, 203, 506 S.E.2d 608, 614 (1998) (holding that UTPA claims did not survive at common law). Moreover, UTPA claims and common-law bad faith claims are plainly absent from West Virginia's survivability statute. *See*

W. Va. Code § 55-7-8a(a) ("In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive . . . ."); *see also Keeney*, 231 F. Supp. 2d at 490-91 (recognizing that UTPA claims are not survivable by statute).  Therefore, Plaintiff Fleming may assert neither the UTPA claims nor the common-law bad faith claims set forth in Counts III and IV, respectively.

Finally, the only claim asserted against Defendant Cooke is Plaintiff Fleming's claim that Ms. Cooke violated the UTPA.  Because that claim does not survive Mr. Fleming's death, the action against Ms. Cooke should be dismissed, with prejudice, as the only purported claim against her is not viable.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that their motion be granted and that Plaintiffs' Complaint be dismissed in its entirety and with prejudice.  Alternatively, Defendants submit that Plaintiff Fleming's claims for common law bad faith and violation of the UTPA should be dismissed because they did not survive the death of Arch Fleming and, consequently, Angela Cooke should be dismissed with prejudice as a defendant in this matter.

                                          Respectfully submitted,

                                          <u>s/R. Carter Elkins</u>
                                          Of Counsel for Defendants State Farm
                                          Mutual Automobile Insurance Company,
                                          Shannon Cazad and Angela Cooke

R. Carter Elkins
W. Va. State Bar I.D. 1116
Laura L. Gray
W. Va. State Bar I.D. 5240

Campbell Woods, PLLC
517 Ninth Street, Suite 1000
Post Office Box 1835
Huntington, West Virginia  25719-1835
(304) 529-2391
relkins@campbellwoods.com

Todd A. Noteboom (MN #240047)
Monica L. Davies (MN #315023)
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone:  (612) 335-1500