IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEFFREY A. MARTIN, and JUANITA
FLEMING as Executrix of the Estate of
Arch Fleming,

          Plaintiff,

v.                                    CIVIL ACTION NO. 3:10-0144

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation;
SHANNON CAZAD and ANGELA COOKE,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Stay Briefing and Decision on Defendants' Motion to Dismiss (Doc. 16). Plaintiffs seek to stay such briefing and decision in light of their pending motion to remand and pending disposition of the same. For the reasons stated below, the motion is **GRANTED.**

The federal district courts are courts of limited jurisdiction "possess[ing] only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Defendants removed this action to this Court pursuant to 28 U.S.C. §1332. *See* Doc. 1. On February 24, 2010, Plaintiffs filed a motion to remand, opposing removal on the grounds that: (1) Defendants have not proven the jurisdictional amount of $5,000,000 is satisfied, and (2) even in the case that the Court finds the jurisdictional amount satisfied, the case should be remanded because Plaintiffs' claims fall under the "local controversy" and/or the "home state"

exceptions of the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4). *See* Doc. 4. On March 10, 2010, Defendants filed a response in opposition to Plaintiffs' motion to remand. *See* Doc. 6. Subsequently, on March 26, 2010, Defendants filed their motion to dismiss. *See* Doc. 14. Plaintiffs now seek to stay the briefing and decision on this motion to dismiss, pending disposition of their motion to remand. *See* Doc. 16.

"Without jurisdiction [a] court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* (citing *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884). As a result, when there are simultaneously pending motions to remand and to dismiss, "[t]he Court's first duty is to resolve the motion to remand[.]" *McWilliams v. Monarch Rubber Co.*, 70 F.Supp.2d 663, 665 n. 3 (S.D. W.Va. 1999) (Haden, C.J.). The Court therefore **FINDS** that the disposition of Plaintiffs' jurisdictional inquiry is a necessary threshold matter and, accordingly, **GRANTS** Plaintiffs' motion. This action is **ORDERED STAYED**, in its entirety, pending resolution of the motion to remand. Once the motion to remand is resolved, the Court will enter a new **ORDER AND NOTICE** pursuant to Local Rule of Civil Procedure 16.1.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 12, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE