IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEFFREY A. MARTIN, and JUANITA
FLEMING as Executrix of the Estate of
Arch Fleming,

                Plaintiff,

v.                                      CIVIL ACTION NO. 3:10-0144

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation;
SHANNON CAZAD and ANGELA COOKE,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendants' Motion to Dismiss (Doc. 14) and Motion to Stay Discovery Pending Resolution of Motion to Dismiss (Doc. 27). For the reasons stated below, the Motion to Dismiss is **DENIED** in part and **GRANTED** in part, and the Motion to Stay Discovery is **DENIED** as moot.

**Background**

This case, originally filed on December 29, 2009, in the Circuit Court of Mason County, West Virginia, is a class action suit concerning underinsured motorist ("UIM") coverage. Plaintiffs Jeffrey A. Martin and Juanita Fleming, Executrix of the Estate of Arch Fleming, assert claims against State Farm Mutual Automobile Insurance Company ("State Farm") and two named State Farm Agents, Shannon Cazad and Angela Cooke. Plaintiff Martin and Plaintiff Fleming's decedent were injured in car accidents, in 2005 and 2009, respectively, where the damages incurred by each

plaintiff greatly exceeded the liability coverage of the party at fault. At the time of their respective accidents, both named plaintiffs were insured under automobile insurance policies issued by State Farm. Neither policy carried UIM coverage. Consequently, State Farm did not provide UIM coverage to either plaintiff following their respective accidents (i.e., State Farm did not cover any portion of the difference between the plaintiffs' actual damages and the at-fault-party's liability coverage limits).

Plaintiffs filed suit, alleging that State Farm unlawfully denied them underinsured motorist coverage, because the company failed to meet its legal obligation to make a commercially reasonable offer of UIM coverage to each plaintiff, at the time their policies were issued. As a result, Plaintiffs argue that their policies must be reformed to include underinsured motorist coverage up to the limits of the liability insurance provided in their respective policies. Plaintiffs further claim that, in addition to having a legal duty to make a commercially reasonable offer of UIM coverage and failing to do so, State Farm, through its agents Shannon Cazad and Angela Cooke, acted unlawfully during the claims process. Specifically, Plaintiffs allege that State Farm knew that the selection/rejection forms it used to make an offer of UIM coverage to Plaintiffs were defective and yet has refused (and continues to refuse) to reform the relevant policies and match the available liability and uninsured motorist coverage limits pursuant to *Bias v. Nationwide Mutual Insurance Company*, 365 S.E.2d 789 (W. Va. 1987).

Plaintiffs' specific claims are as follows. In Count I, Plaintiffs seek a declaratory judgment providing that, because the forms used by State Farm to offer underinsured motorist coverage to its insureds did not comply with West Virginia Code § 33-6-31d, State Farm failed to make commercially reasonable offers to each plaintiff and their policies must be reformed to carry UIM

coverage in an amount equal to the respective policy's liability coverage limits. In Count II, Plaintiffs allege a breach of contract claim, arguing State Farm breached its duty under Plaintiffs' policies when it refused their demands for the payment of UIM coverage, despite its legal obligation to reform the policies and offer such coverage. In Count III, Plaintiffs allege bad faith, arguing that State Farm's refusal to pay Plaintiff's UIM coverage claims amounts to common-law bad faith as recognized in *Hayseeds v. State Farm Fire and Casualty Company*, 352 S.E.2d 73 (W. Va. 1986). Finally, in Count IV, Plaintiffs allege multiple violations of the Unfair Trade Practices Act ("UTPA"), W.V. Code § 33-11-4, on the part of State Farm, Cazad, and Cooke.

Defendants filed their Rule 12(b)(6) Motion to Dismiss on March 26, 2010. First, they argue that State Farm's offer forms comply with West Virginia requirements, have been found to comply in previous cases before this Court, and, therefore, the Complaint should be dismissed in its entirety. Second, they argue that Plaintiff Fleming's common-law bad faith and UTPA claims should be dismissed as they do not survive the death of Plaintiff's decedent. Consequently, Defendants state that Defendant Cooke should be dismissed from the action, as the only claims against her are the alleged violations of UTPA.

## Rule 12(b)(6) Standard

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. (internal quotation

marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 129 S. Ct. at 1949 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 1950. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is

entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)).  The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

## Analysis

### I.     Plaintiffs Sufficiently Plead a Plausible Claim for Relief

At the center of this case are the offer forms used by State Farm for underinsured motorist coverage.  Defendants' Motion to Dismiss is dependent on whether the forms are compliant with the requirements of West Virginia Code § 33-6-31d.  To support this, Defendants assert that the forms are materially compliant with those prescribed by the Insurance Commissioner, and have been found to be so in previous legal actions.  *See* Doc. 15, at 7–10.  As Defendants suggest (*Id.* at 7–8), this Court has made a facial comparison of the State Farm forms and those provided as templates by the Insurance Commissioner.  *Compare* Exs. B and D (attached to Doc. 15) *with* Exs. E and F (same).  The forms provided to Plaintiffs Martin and Fleming are sufficiently different and contain more options and information than those prescribed by the Insurance Commissioner.  *Id.*  Thus, Plaintiffs have provided sufficient factual support for their assertion that State Farm's forms are not compliant with West Virginia statutory requirements to have alleged a claim "that is plausible on its face."  *Iqbal*, 129 S. Ct. at 1949.  Defendants' motion to dismiss the Complaint in its entirety is therefore denied.

### II.    Plaintiff Fleming's UTPA and Common-Law Bad Faith Claims Do Not Survive

Defendants have asserted that the Unfair Trade Practices Act and common-law bad faith claims are not survivable pursuant to West Virginia Code § 55-7-8a(a), and, therefore, Plaintiff Fleming's claims should be dismissed. Consequently, because the sole count against Defendant Cooke are those claims under UTPA asserted by Plaintiff Fleming, Defendants move to have Ms. Cooke dismissed from this action. The key language in the statute is as follows:

> (a) In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; . . .
> (f) Nothing contained in this section shall be construed to extend the time within which an action for any other tort shall be brought, nor to give the right to assign a claim for a tort not otherwise assignable.

*W. Va. Code § 55-7-8a*. Plaintiff Fleming argues that because the common-law bad faith and UTPA claims involve allegations of fraudulent and deceitful behavior, these claims fall within the scope of § 55-7-8a(a). *See* Doc. 23, at 16–19. Mrs. Fleming further argues that the bad faith and UTPA claims of the Estate are separate from those of Arch Fleming, the decedent, and therefore survive his death. These arguments will be addressed in turn.

Plaintiff Fleming has not alleged fraud or deceit or personal injury claims, and the underlying fraud and deceit components to the common-law bad faith and UTPA claims do not transform them into such claims. In *Wilt v. State Auto. Mut. Ins. Co.*, 506 S.E.2d 608 (W. Va. 1998), the plaintiffs attempted to analogize an unfair settlement claim under West Virginia Code § 33-11-4(9), the same provision at issue in this Complaint, to a claim for fraud in order to escape a one-year statute of limitations.[1] 506 S.E.2d, at 610. The court reasoned that because the Legislature specifically

---

[1] Statutes of limitation in West Virginia are determined, in part, by whether a cause of action is survivable. *See* W. Va. Code § 55-2-12(c) ("Every personal action for which no limitation is otherwise prescribed shall be brought . . . (c) within one year . . . if it be for any other matter of such
(continued...)

included fraud and deceit claims in § 55-7-8a(a), unless a claim expressly fell within that subsection, it is not survivable; the court therefore concluded that an unfair settlement claim is not survivable. *Id.* at 613–14. Other cases have held that common-law bad faith and UTPA claims are not survivable. *See Noland v. Virginia Ins. Reciprocal*, 686 S.E.2d 23, 35 (W. Va. 2009) (holding that the one year statute of limitations under § 55-2-12 applies, indicating that common-law bad faith claims are not survivable at common law or under § 55-7-8a); *Keeney v. Infinity Ins. Co.*, 231 F. Supp. 2d 488, 490–91 (S.D. W. Va. 2002) (finding that there is no statutory or common law basis for survivability of UTPA claims).

Plaintiffs attempt to distinguish the instant case from those cited above by emphasizing that these cases address the applicable statutes of limitation. This distinction, however, is not successful. This Court has previously recognized the *Wilt* court's analysis as "dispositive for the Court in discharging its prognosticative responsibilities under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)." *Keeney*, 231 F. Supp. 2d, at 490. As discussed above, the West Virginia Supreme Court in *Wilt* found that because claims under § 33-11-4(9) are not survivable they are subject to a one-year statute of limitations. *See* 506 S.E.2d, at 613–14. Following the *Wilt* court's reasoning, in *Keeney*, this Court found that UTPA claims do not survive. *See* 231 F. Supp. 2d, at 492. This Court reaches the same conclusion here. *Wilt*, *Noland*, and *Keeney* control, and Arch Fleming's UTPA and common-law bad faith claims do not survive his death.

---

[1](...continued)
nature that, in case a party die, it could not have been brought at common law by or against his personal representative." In *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 244 S.E.2d 321 (W. Va. 1978), the West Virginia Supreme Court established that § 55-2-12, "must be read *in pari materia* with *W. Va. Code, 55-7-8a*, since both relate to the same subject matter and were adopted as part of a common plan." 244 S.E.2d, at 324.

Plaintiff Fleming also argues that the bad faith claims of Arch Fleming's Estate are independent from those of Mr. Fleming himself, and therefore are not extinguished by his death. *See* Doc. 23, at 19–20. To support this argument, Plaintiff Fleming cites *Burkett v. AIG Claim Services, Inc.*, 3:03-cv-1, 2007 WL 2059238 (N.D. W. Va. July 13, 2007), where the court found that the victim of the UTPA violation was the decedent's estate, not the decedent himself. *See* 2007 WL 2059238, at *2. The court distinguished *Wilt* and *Keeney*, finding that the violations in those cases were against the decedents. *Id.* In *Burkett*, however, the decedent died at the time of the accident and the claims adjustment process was initiated by the decedent's estate. *Reply Br. of Appellee/Cross-Appellant* at *3, *Burkett v. AIG Claim Services, Inc.*, Nos. 07-1766, 07-2049, 2008 WL 703986 (4th Cir. 2008). Whether this fact was influential in the court's decision in *Burkett* cannot be determined from the order cited by Plaintiffs, but this Court finds it to be dispositive. Unlike *Burkett*, Arch Fleming initially survived his accident and he initiated the insurance claim with State Farm. Compl. ¶¶ 31–53. There is no independent claim filed by decedent's Estate and adjusted by State Farm. Therefore, there is no independent ground for the Estate to allege UTPA violations or common-law bad faith claims, as the alleged fraudulent and deceitful behavior was in relation to the insurance claim filed by the decedent himself.

This reasoning finds support in *Keeney*. There, the plaintiff died after the case was initiated. Upon his death, the insurer moved to have the UTPA claim dismissed, stating that the decedent's wife had no independent grounds under the Act as she had submitted no claim to the insurer to handle or adjust. *Keeney*, 231 F. Supp. 2d., at 489. While the court held the motion in abeyance pending further briefing by the plaintiff, it was to determine whether the wife had submitted an independent claim for loss of consortium to the insurer. *Id.* Here, as in *Keeney*, the alleged UTPA

violations by State Farm and Defendant Cooke were committed against the decedent, Arch Fleming, and these do not survive his death.

For these reasons the Court **DENIES** Defendant's Motion to Dismiss the Complaint in its entirety and **GRANTS** Defendant's Motion to Dismiss Plaintiff Fleming's common-law bad faith and Unfair Trade Practices Act claims.  Defendant Cooke is therefore **DISMISSED** from this case as no claim against her remains.  Because the Court has ruled on the Motion to Dismiss, the Motion to Stay Discovery is **DENIED** as moot.  The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:     September 30, 2010

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE