IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEFFREY A. MARTIN; JUANITA
FLEMING, as Executrix of the
Estate of Arch Fleming; and
BARBARA GANDEE, both
individually and on behalf of
others similarly situated,

        Plaintiffs,

v.                                            Case No.:  3:10-cv-0144

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
Corporation; and SHANNON CAZAD,

        Defendants.

### ORDER

Pending before the Court is Plaintiffs' Motion to Compel Defendant State Farm Mutual Automobile Insurance Company to Identify its Rule 30(b)(6) Designated Corporate Representatives Prior to Their Scheduled Depositions and Request for Expedited Consideration by the Court. (Docket No. 89). Due to the time constraints associated with this Motion, the Court dispenses with the standard briefing schedule contained in the Local Federal Rules of Civil Procedure and provides herein an abbreviated opinion.

For reasons appearing to the Court, plaintiffs' Motion is **GRANTED.** The Court **ORDERS** defendant State Farm Mutual Automobile Insurance Company

("State Farm") to designate its Rule 30(b)(6) representatives, as provided by the Rule, and to supply that designation to plaintiffs **no later than** 5:00 p.m. today.

Federal Rule of Civil Procedure 30(b)(6) clearly requires an organization served with a Notice or Subpoena pursuant to that Rule to designate one or more representatives who consent to testify on its behalf. The organization may also "set out the matters on which each person designated will testify." *Fed. R. Civ. P. 30(b)(6).* The dispute in this case revolves around when that designation should be made. Plaintiffs contend that it should occur reasonably in advance of the depositions, so that they can better prepare to interrogate the witnesses. (Docket No. 89 at 3). State Farm takes the position that it is not required to identify its representatives in advance of their testimony. (Docket 89-1 at 1). To date, neither party has provided citations to support its position.[1]

The Court interprets Rule 30(b)(6) to mandate an organization served with a Rule 30(b)(6) Notice of Deposition to designate its representatives promptly upon selecting them and reasonably in advance of their testimony. *See Vol. 7 Moore's Federal Practice § 30.25[3] (Matthew Bender 3rd Edition 2010)*(designation must be made "upon receipt" of the notice of examination). The reasonableness of this interpretation is lent support by Rule 37(a)(3)(B)(ii), which recognizes the failure of an organization to make a designation under Rule 30(b)(6) as a separate and individual ground upon which the organization may be compelled to comply with a disclosure or discovery request.[2] Rule 37(a)(3)(B)(ii) would have no practical purpose if an organization could simply

---

[1] The Court recognizes that State Farm has not been permitted time to respond, however.

[2] Rule 37(d) indicates that the failure of a corporate representative to appear for a properly noticed deposition constitutes a separate discovery violation with attendant sanctions.

wait until commencement of the depositions before designating its representatives. Moreover, in view of the organization's duty to prepare the representatives, so that they can provide complete, knowledgeable and binding answers on behalf of the organization, the identities of the witnesses generally will be known to the organization well in advance of the dates selected for the depositions. *See, e.g., Wilson v. Lakner,* 228 F.R.D. 524 (D. Md. 2005). Inasmuch as the purpose of discovery is "to remove surprise from trial preparation so that parties may obtain the evidence necessary to evaluate and resolve their dispute," *Vol. 6, Moore's Federal Practice § 26.02 (Matthew Bender 3rd Edition 2010),* no legitimate reason exists for withholding the identities of Rule 30(b)(6) designees from adverse counsel.

Plaintiffs' request for an award of the costs associated with filing their Motion to Compel shall be held in abeyance at this time. Plaintiffs shall have fourteen (14) days from the entry of this Order in which to supply the Court with an affidavit setting forth the expenses incurred and any supporting argument and citations. State Farm shall have fourteen (14) days thereafter to respond to plaintiffs' submission. If plaintiffs do not submit this information within fourteen days, the Court shall consider the request for costs withdrawn.

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED:** February 22, 2011.

Cheryl A. Eifert
United States Magistrate Judge