IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JEFFREY A. MARTIN, and JUANITA FLEMING
as Executrix of the Estate of Arch Fleming,
and BARBARA GANDEE, both individually
and on behalf of Others Similarly Situated,

                Plaintiff,

v.                                      CIVIL ACTION NO. 3:10-0144

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation;
and SHANNON CAZAD,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Plaintiffs' Motion to Certify Question Regarding the Effect of an Insurers Failure to Comply with *W. Va. Code §33-6-31d* to the West Virginia Supreme Court of Appeals or, in the Alternative, to Reconsider Ruling Granting, in Part, the Defendants' Motion for Summary Judgment (ECF 174). For the reasons explained below, Plaintiffs' Motion is **DENIED.**

**I. Introduction**

On August 22, 2011, this Court granted in part and denied in part Defendants' Motion for Summary Judgment, and denied Plaintiffs' Motion for Class Certification. Since then, Plaintiffs have filed the instant motion.

## II. Discussion

### A. Plaintiffs' Motion to Certify Question

Plaintiffs' Motion to Certify boils down to an argument that there is no controlling appellate decision and that the Court has discretion to certify questions. The Fourth Circuit has held that "only if the available state law is clearly insufficient should the court certify the issue to the state court." *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994). In this case, neither party moved for certification before summary judgment, and both parties felt sufficiently confident in their positions to fully brief the issue and present it to the Court. The Court examined the briefs, heard oral argument, studied the relevant state law, and did not find it insufficient to reach an opinion.

Additionally, Defendants cite numerous and persuasive authority for declining to certify when, as here, the moving party has waited until after an adverse decision on summary judgment. *See, e.g., Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008) (holding that district court did not abuse its discretion by denying motion to certify brought after adverse decision on dispositive motion and noting that "there is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision."); *Enfield ex rel. Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1255 (10th Cir. 2000) (denying motion to certify where defendant did not request certification until after adverse ruling even though state law issues were "novel and somewhat difficult"); *Ball v. Joy Mfg. Co.*, 755 F.Supp. 1344 (S.D.W.Va.1990), *aff'd* 958 F.2d 36 (4th Cir. 1991) (denying Plaintiffs' certification motion that was filed after an adverse summary judgment ruling).

The Fourth Circuit has not adopted a presumption against post summary judgment certification, and the Court does not adopt a presumption in this case. Rather, the Court gives

...

...

considerable weight to the timing of the motion in reaching its decision. Plaintiffs' motion is denied because of the timing of the motion and because the question was not sufficiently unclear so as to merit certification in the first place.

### B. Plaintiffs' Motion to Reconsider Summary Judgment as to Plaintiffs Fleming & Martin

Plaintiffs urge the Court to reconsider its Order of Summary Judgment against Plaintiffs Fleming and Martin. Specifically, Plaintiffs suggest that the Court must have weighed the credibility of the plaintiffs' affidavits against the forms submitted by State Farm. Plaintiffs are mistaken. The Court did not weigh the credibility of the affidavits against the credibility of the forms. The Court held, consistent with its earlier decision in *Webb v. Schaffer*, 694 F. Supp. 497 (S.D.W. Va. 2010), that the submission of a contradictory affidavit, by itself, is not sufficient to create a triable issue where, as here, the plaintiff admits the validity of his signature on the form rejecting underinsured motorist coverage. For this reason, and for the reasons stated in the Court's August 22, 2011 Opinion and Order, the Plaintiffs' Motion to Reconsider Summary Judgment is denied.

### C. Plaintiffs' Motion to Certify a Class for Issue of Compliance with *W. Va. Code § 33-6-31d*

Plaintiffs next ask the Court to certify a class with respect to compliance with *W. Va. Code* § 33-6-31d. This is in effect a request to certify a class on the sole issue on which the plaintiffs received a favorable summary judgment ruling. The Court's August 22, 2011 Opinion and Order held that the failure to comply with that section of the *West Virginia Code* results in the loss of the statutory presumption and reversion to the standards set forth by the West Virginia Supreme Court

of Appeals in *Bias v. Nationwide Mut. Ins. Co.*, 365 S.E.2d 789 (W. Va. 1987).  As that opinion made clear, the inapplicability of the statutory presumption does not automatically give rise to a claim for underinsured motorist coverage.

It is a basic prerequisite of Rule 23 that the purported class have "claims".  Fed. R. Civ. Proc. 23(a).  The United States Supreme Court in the recent case *Wal-Mart Stores, Inc. V. Dukes*, 131 S.Ct. 2541 (2011), stated that commonality requires that a class's "**claims** must depend on a common contention . . . of such a nature that is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the **claims** in one stroke." *Wal-Mart*, 131 S. Ct. At 2251 (emphasis added).  Members of the proposed class who received a commercially reasonable offer, like plaintiffs Fleming and Martin, have no injury and no claim.  The only claim made by the plaintiffs in this case is for the addition of underinsured motorist coverage.  Resolution of that claim, as described in the Court's earlier Opinion, will require intensive individual fact-finding and fails to meet the commonality requirement under Rule 23(a) of the *Federal Rules of Civil Procedure*.  For these reasons, and the reasons stated in the Court's earlier Opinion and Order, Plaintiffs' motion to certify a class is denied.

### III. Conclusion

For the reasons explained above, Plaintiffs' motion is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

                                      ENTER:        October 26, 2011

                                      ROBERT C. CHAMBERS
                                      UNITED STATES DISTRICT JUDGE